IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL ALONSO ALANIS-MEJIA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-cv-40 |
| | § | |
| CAMERON COUNTY, TEXAS, et al., | § | |
|     Defendants. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 23, 2023, Plaintiff Joel Alonso Alanis-Mejia sued Defendants Raul Galarza, Mark A. Solis and Cameron County, Texas, as part of a prisoner civil rights lawsuit. Dkt. No. 1.

On March 21, 2023, the Defendants timely filed a motion to dismiss. Dkt. No. 10. On May 2, 2023, Alanis-Mejia filed a response. Dkt. No. 15. On May 12, 2023, the Defendants filed a reply brief. Dkt. No. 18. Accordingly, the motion has been fully briefed.

After reviewing the record and the relevant case law, it is recommended that the motion to dismiss be denied. The Court has subject matter jurisdiction over Alanis-Mejia's claims. Moreover, he has stated a claim upon which relief can be granted against all of the Defendants.

### I. Background

#### A. Factual Background

Unless otherwise noted, all of the facts are taken from the complaint and are assumed to be true for the purpose of deciding the motion to dismiss. Alexander v. City of Round Rock, 854 F.3d 298, 303 (5th Cir. 2017).

In August 2014, Alanis-Mejia suffered a "massive stroke" that left him unable to continue in his career as a registered nurse. Dkt. No. 1, p. 6. As a result, he began working as a taxi driver. Id.

On September 9, 2020, Alanis-Mejia's vehicle was pulled over and it was discovered that he had an outstanding warrant for his arrest. Dkt. No. 1, p. 6. The complaint

does not specify the underlying crime that the warrant was issued for. Id.  Alanis-Mejia was arrested and transferred to the Carrizales-Rucker Detention Center in Olmito, Texas. Id.  Alanis-Mejia informed jail officials that "he was being wrongfully detained and that any warrant being shown was a mistake." Id., p. 7.

Once at Carrizales-Rucker, Alanis-Mejia was subjected to a suicide screening. Dkt. No. 1, p. 6.  During the screening, Alanis-Mejia broke down crying, because both of his parents had died within the preceding three months; his mother had passed away just two weeks prior to his arrest. Id., pp. 6-7.  Defendant Raul Galarza, a jail officer, responded by instructing Alanis to "quit crying like a little bitch. Quit fucking crying and man up motherfucker." Id.

Galarza and Defendant jail officer Mark A. Solis "began to ridicule Alanis, making demeaning remarks towards Alanis and laughing," while also "commenting in a derogatory fashion about Alanis' mother." Dkt. No. 1, p. 7.

Galarza and Solis escorted Alanis-Mejia from the booking area to a jail cell. Dkt. No. 1, pp. 7-8.  They told Alanis-Mejia, "hurry up fat ass son of a bitch." Id.  Galarza pushed Alanis-Mejia from behind. Id.  When Alanis-Mejia turned around, Galarza and Solis "violently slammed" him into a wall "and then tackled him to the ground with both officers landing on top of him." Id.

Alanis-Mejia landed on his back and apparently never retaliated; the complaint alleges that he "never" posed a threat to the officers. Dkt. No. 1, p. 8.  Galarza and Solis "grabbed his head and forcefully slammed him into the ground," and knelt on his head. Id.  Galarza "violently punched and hit Alanis' head, face and body as his blood spilled to the ground." Id.  The complaint includes a picture of Alanis-Mejia's face, with parts of his face swollen, blood streaming down his nose and blood on the floor. Id.  Alanis-Mejia was taken to a local hospital three hours later.

Galarza pursued assault charges against Alanis-Mejia, claiming that he struck Galarza in the chest. Dkt. No. 1, p. 10.  No indictment was ever filed against Alanis-Mejia and no prison disciplinary charges were filed. Dkt. No. 15, p. 1.

Alanis-Mejia alleges that there was a widespread custom of jail officers using excessive force against inmates. Dkt. No. 1, p. 5. He cites a 2020 incident, where a guard pepper-sprayed an inmate who was already handcuffed. Id. He also cites the 2019 death of an inmate who died after an altercation with officers. Id. Alanis-Mejia also cites a 2020 incident where a guard used a martial arts "take down" move against a handcuffed inmate, which resulted in the guard being criminally prosecuted. Id. Alanis-Mejia also cites incidents of wrongdoing going back to 2001, but not related to the excessive use of force, including a former sheriff taking kickbacks from drug traffickers. Id., p. 4.

**B. Procedural History**

On February 23, 2023, Alanis-Mejia filed suit against Galarza, Solis, and Cameron County. Dkt. No. 1. Alanis-Mejia alleges that Galarza and Solis used excessive force against him by assaulting him without cause. Id. Alanis-Mejia alleges that Cameron County has a custom of permitting jail officials to use excessive force against inmates. Id.

On March 21, 2023, the Defendants filed a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(1) & 12(b)(6). Dkt. No. 10. As to the 12(b)(1) motion, Cameron County argues that Alanis-Mejia lacks "constitutional standing" because he has failed to "adequately allege an injury in fact, causation, and redressability." Dkt. No. 10.

As to the 12(b)(6) motion, Cameron County similarly argues that Alanis-Mejia has failed to plead sufficient facts concerning any policy or custom of using excessive force. Id. Galarza and Solis pled qualified immunity and ask the Court to allow further briefing to "receive and consider extrinsic evidence, namely video and department records, showing what actually happened." Dkt. No. 10, p. 14.

On April 24, 2023, the Court issued an order, noting that the complaint raised the inference that Solis and Galarza sought criminal charges against Alanis-Mejia, but did not state whether charges were filed, or Alanis-Mejia was convicted of any crime. Dkt. No. 14. The Court noted that Alanis-Mejia's claims would be foreclosed if "a judgment in a plaintiff's favor would necessarily imply the invalidity of an existing criminal conviction." Id. (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994)). Alanis-Mejia was ordered to

3

address the issue of whether the incident resulted in a criminal conviction in his response brief. Dkt. No. 14.

On May 2, 2023, Alanis-Mejia timely filed his response to the motion to dismiss. Dkt. No. 15. In his response, Alanis-Mejia stated that the Rule 12(b)(1) motion should be denied because the Court has subject matter jurisdiction over the claims in this case. He also argues that he has pled sufficient facts to state a claim upon which relief can be granted against Cameron County. Id. As to the claims against Galarza and Solis, Alanis-Mejia argues that their request for the Court to consider additional evidence is "tantamount to admitting limited discovery is necessary," which cuts against finding that they are entitled to dismissal based on qualified immunity. Id. Alanis-Mejia also asserted that he was never subject to a criminal conviction for the underlying incident. Id.

On May 9, 2023, the Defendants filed their reply brief, agreeing that Alanis-Mejia was never criminally charged or subjected to prison disciplinary proceedings for the underlying incident. Dkt. No. 18. The Defendants also reiterated their prior arguments in support of the motion to dismiss. Id.

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144,

n. 3 (1979).  To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

### B. Jurisdiction and Dismissal under Rule 12(b)(1)

The threshold question, before considering the substance of any claim, is whether the court possesses jurisdiction over the claim. This is the case, because federal courts are courts of limited jurisdiction, whose authority exists only within the boundaries established by Congress and the United States Constitution. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583-84 (1999). A plaintiff bears the burden of proving jurisdiction. Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012).

In determining whether jurisdiction exists, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001). Conclusory allegations or "legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Wells v. Ali, 304 Fed. App'x. 292, 293 (5th Cir. 2008) (quoting Fernandez–Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).

If a complaint alleges a valid § 1983 action, it successfully invokes the Court's subject matter jurisdiction. Daigle v. Opelousas Health Care, Inc., 774 F.2d 1344, 1348 (5th Cir. 1985).  The fact that a claim is made under federal law is sufficient to empower the Court to take jurisdiction over the claim. Cont'l Ins. Co. v. Saia Motor Freight Line, Inc., 210 Fed. App'x 381, 382 (5th Cir. 2006) (citing Gonzalez v. S. Pac. Transp. Co., 773 F.2d 637, 645 (5th Cir. 1985)).

### C. Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

**D. Qualified Immunity**

Qualified immunity protects "government officials performing discretionary functions" from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability; ... it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). "One of the most salient benefits of qualified immunity is protection from pre-trial discovery." Zapata v. Melson, 750 F.3d 481, 484-85 (5th Cir. 2014).

Qualified immunity is "a defense against an individual capacity lawsuit." Sanders-Burns v. City Of Plano, 594 F.3d 366, 378 (5th Cir. 2010). "Qualified immunity gives government officials breathing room to make reasonable, but mistaken judgments." Thompson v. Mercer, 762 F.3d 433, 437 (5th Cir. 2014)

6

If a defendant claims qualified immunity, the burden shifts to the plaintiff to establish the inapplicability of that defense. Rogers v. Jarrett, 63 F.4th 971, 975 (5th Cir. 2023). To survive a claim of qualified immunity—in a motion to dismiss under FED. R. CIV. P. 12(b)(6)—the plaintiff must have pled "specific facts that, if proved, would overcome the individual defendant's immunity defense; complaints containing conclusory allegations, absent reference to material facts, will not survive motions to dismiss." Geter v. Fortenberry, 849 F.2d 1550, 1553 (5th Cir. 1988); Cobb v. City of Harahan, 516 Fed. App'x. 337, 340 (5th Cir. 2013) (unpubl.) (citing Geter).

**III. Analysis**

The Court will first address whether subject matter jurisdiction is present. After concluding that it has jurisdiction, the Court will turn to whether any defendant is entitled to dismissal for failure to state a claim upon which relief can be granted.

**A. Subject Matter Jurisdiction**

The Defendants have argued that the Court lacks subject matter jurisdiction over the complaint. This argument is legally frivolous.

The complaint seeks relief under § 1983 for violations of Alanis-Mejia's constitutional right to be free from excessive force. The Fourth Amendment protects Alanis-Mejia's right to be free from the unnecessary use of physical force by government employees. Graham v. Connor, 490 U.S. 386, 394 (1989). As such, the Court has subject matter jurisdiction over this claim. Daigle v. Opelousas Health Care, Inc., 774 F.2d 1344, 1348 (5th Cir. 1985).

While the Defendants do not dispute that the Court has subject matter jurisdiction, as a general matter, over federal civil rights claims, they dispute whether Alanis-Mejia has stated sufficient facts to show that he has a valid claim. The Defendants are using a 12(b)(1) motion as an indirect attack on the merits of the complaint, seeking to use this motion because courts can resolve disputed facts in determining if jurisdiction exists. Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004).

The Fifth Circuit has been quite clear that the Court should not allow the Defendants to use a Rule 12(b)(1) motion as a backdoor attempt to reach the merits of the complaint.

Id. at 150 ("No purpose is served by indirectly arguing the merits in the context of federal jurisdiction. Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits."). Indeed, if the complaint alleges a violation of federal law, the Court should find that jurisdiction exists. Daigle, 774 F.2d at 1348 ("Jurisdiction is to be based on the allegations of the complaint. The well pleaded complaint is the key to the federal courthouse.").[1]

The motion to dismiss for lack of subject matter jurisdiction should be denied.

**B. Failure to State a Claim Against Cameron County**

Cameron County also seeks dismissal for failure to state a claim upon which relief can be granted. This motion should also be denied.

A claim made against a Texas county under § 1983 is a claim for municipal liability. Flores v. Cameron County, Tex., 92 F.3d 258, 263 (5th Cir. 1996). "[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). These elements "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." Id.

A plaintiff can show a policy or custom based on "a pattern of similar violations at the time the plaintiff's own rights were violated." Gomez v. Galman, 18 F.4th 769, 779 (5th Cir. 2021). The Court further notes that district courts throughout the Fifth Circuit have held that while a plaintiff must do more than generically restate the elements of municipal liability, "only minimal factual allegations should be required at the motion to dismiss stage," given that many of the details would only be available through discovery. Thomas v. City of Galveston, Texas, 800 F. Supp. 2d 826, 842–43 (S.D. Tex. 2011);

---

[1] The Court further notes that this backdoor jurisdictional attack, if permitted, would potentially be contrary to the Defendants's interests. If the Court found that it lacked subject matter jurisdiction, it would dismiss the case without prejudice. As such, Alanis-Mejia could re-file his claims in state court and res judicata would not apply. Daigle, 774 F.2d at 1348 ("A dismissal for want of jurisdiction bars access to federal courts and is res judicata only of the lack of a federal court's power to act. It is otherwise without prejudice to the plaintiff's claims, and the rejected suitor may reassert his claim in any competent court.").

Alexander v. City Police of Lafayette, 2021 WL 4396016, at *8 (W.D. La. Sept. 24, 2021); Edwards v. Oliver, 2019 WL 4603794, at *3 (N.D. Tex. Aug. 12, 2019), report and recommendation adopted, 2019 WL 4597573 (N.D. Tex. Sept. 23, 2019); Valadez v. City of San Antonio, 2022 WL 1608016, at *11 (W.D. Tex. May 20, 2022); Mitchell v. City of New Orleans, 184 F. Supp. 3d 360, 373 (E.D. La. 2016); Shelton v. Bonham Indep. Sch. Dist., 2018 WL 2236924, at *3 (E.D. Tex. May 16, 2018).

A plaintiff can satisfy this standard by pleading such facts as "past incidents of misconduct to others, multiple harms that occurred to the plaintiff himself, misconduct that occurred in the open, the involvement of multiple officials in the misconduct, or the specific topic of the challenged policy or training inadequacy." Thomas, 800 F. Supp. 2d at 843–44.

The Court finds that Alanis-Mejia has pled sufficient facts to state a claim upon which relief can be granted against Cameron County. Alanis-Mejia has alleged that a policymaker – the current sheriff and his predecessors – have had a policy of turning a blind eye toward jail officers using excessive force, which caused the injuries to him. Plaintiff has pointed to several prior incidents where excessive force was allegedly used. The Court notes that it is assuming that the facts of those prior incidents are as alleged, which is required in deciding a motion to dismiss. Alexander, 854 F.3d at 303.[2]

Based solely on the complaint, the Court finds that Alanis-Mejia has pled a plausible claim to relief against Cameron County. When a plaintiff has stated a plausible claim to relief on a municipal liability claim, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." Thomas, 800 F. Supp. 2d at 843–44.

---

[2] The Court notes that on the record, as it currently stands, it doubts that Alanis-Mejia's claims would survive summary judgment against Cameron County. Alanis-Mejia cited the death of Gabriel Rivera as proof that Cameron County has a custom of jail officials using excessive force. The Court, of course, is very familiar with the facts of that case. Rivera v. Cameron County, Civil Case No. 1:19-141, Dkt. No. 111. The Court found that there was no evidence of the use of excessive force in that case. However, the Court will leave open the possibility that Alanis-Mejia's counsel will be able to discover additional evidence that was not before the Court in Rivera.

As a result, the Court recommends that the motion to dismiss should be denied as to Cameron County.

### C. Claims Against Galarza and Solis

Galarza and Solis have pled qualified immunity and have asked the Court "to receive and consider extrinsic evidence, namely video and department records, showing what actually happened," as part of his jurisdictional attack. Dkt. No. 10, p. 14. The Court should decline this invitation.

As previously noted, the Court should not use a jurisdictional attack to resolve the merits of the case. Montez, 392 F.3d at 149. If Galarza and Solis believe that they possess evidence which demonstrates that they did not use excessive force, they can file a motion for summary judgment at any time prior to the deadline for filing such motions. Indeed, there is no requirement that "any discovery take place before summary judgment can be granted." Baker v. Am. Airlines, Inc., 430 F.3d 750, 756 (5th Cir. 2005) (emphasis in original).

To the extent that Galarza and Solis seek dismissal based on qualified immunity, the motion should be denied at this stage of the proceedings. In order to state a claim for excessive force, Alanis-Mejia must plead facts showing "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." Elizondo v. Green, 671 F.3d 506, 510 (5th Cir. 2012). The complaint alleges such facts.

Alanis-Mejia alleges that he suffered injuries; he included pictures of his injuries. He has alleged that he was assaulted despite not posing any risk of physical harm to Galarza or Solis. See Mace v. City of Palestine, 333 F.3d 621, 624 (5th Cir. 2003) (force is reasonable "when an officer would have reason to believe that the suspect poses a threat of serious harm to the officer or others"). Indeed, under the facts alleged, there was no reason to use any force against Alanis-Mejia. Thus, the use of force was clearly unreasonable.

Again, if the facts in the complaint do not accurately represent the actual events as they transpired, Solis and Galarza can file a motion for summary judgment to demonstrate

what actually happened. At this stage of the proceedings, Solis and Galarza are not entitled to dismissal based on the protections of qualified immunity.

## IV. Recommendation

It is recommended that the motion to dismiss filed by Raul Galarza, Mark Solis and Cameron County be denied. Dkt. No. 10.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on May 17, 2023.

_____
Ronald G. Morgan
United States Magistrate Judge